USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/9/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAGDALENA KULISZ; SHAHAR KENAN,

Plaintiffs,

-against-

THE CITY OF NEW YORK; NEW YORK CITY HEALTH + HOSPITAL CORPORATION; ELVIN PARSON, M.D.; NURSE SALOMAN (LAST NAME UNKNOWN); JANE DOE / JOHN DOE HOSPITAL STAFF 1-10; JOHN DOE NYPD OFFICERS 1-10,

Defendants.

26-CV-01082 (MMG)

ORDER OF SERVICE

MARGARET M. GARNETT, United States District Judge:

Plaintiffs Magdalena Kulisz and Shahar Kenan, both of whom are proceeding *pro se*, bring this action under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, and the Rehabilitation Act of 1973, along with state-law tort claims of false imprisonment, assault, battery, conversion, and trespass to chattels. The Court liberally construes the complaint as asserting additional state-law statutory claims under the New York State and New York City Human Rights Laws and New York Civil Rights Law § 85, in addition to tort claims of negligence. Plaintiffs also filed a motion for a PACER fee exemption and related relief. (ECF No. 8.)

Plaintiffs name as defendants: (1) the City of New York; (2) New York City Health + Hospitals Corporation ("H+H"); (3) Elvin Parson, M.D., in his individual and official capacities as a physician at Metropolitan Hospital Center ("MHC"); (4) Nurse Salomon (last name unknown), in his individual and official capacities as a nurse at MHC; (5) Jane Doe / John Doe Hospital Staff 1-10; and (6) New York City Police Department ("NYPD") Officers John Doe 1-10. They seek monetary, declaratory, and injunctive relief.

By order dated August 31, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons that follow, the Court: (1) directs the New York City Law Department to identify the unidentified and not-fully-identified defendants from MHC and NYPD who participated in Plaintiff Kenan's treatment and confinement in MHC on December 18, 2024; (2) grants in part and denies in part Plaintiffs' motion for a PACER fee exemption and related relief; and (3) directs service on Defendants City of New York, H+H, and Parson.

## DISCUSSION

### A. The unidentified and not-fully-identified Defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York City Law Department to identify:

- Nurse Salomon (last name unknown), who is alleged to have directed Plaintiff Kenan into a locked unit inside of MHC and confined him there without his consent on December 18, 2024 and for the following two days (ECF No. 1, at ¶¶ 74-75, 142);
- Jane Doe / John Doe Hospital Staff 1-10, who are alleged to have created a coercive environment that included depriving Plaintiff Kenan of his liberty inside of MHC on December 18, 2024 and for the following two days (*id*. at ¶¶ 22, 38-39, 41-81); and
- John Doe NYPD Officers 1-10, who are alleged to have created a coercive environment that included depriving Plaintiff Kenan of his liberty inside of MHC on December 18, 2024 and for the following two days (*id*. at ¶¶ 22, 38-64).

It is therefore ordered that the New York City Law Department, which is the attorney for and agent of both H+H and the NYPD, must ascertain the identities (and, if applicable, badge numbers) of each unidentified or not-fully-identified defendants whom Plaintiffs seeks to sue here and the address where these defendants may be served.[1] The New York City Law Department must provide this information to Plaintiffs and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiffs must file an amended complaint naming the unidentified and not-fully-identified defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiffs should complete is attached to this order. Once Plaintiffs have filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order either directing the Clerk of Court to complete the USM-285 forms with the addresses for the newly named Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service, or asking Defendants to waive service.

**B. Plaintiffs' motion for a PACER fee exemption and related relief**

On June 16, 2026, Plaintiffs filed a document that they style as a "Request for PACER Fee Exemption, Restoration of Search Privileges, and/or Guidance for Indigent Pro Se IFP Litigants." (ECF No. 8.) In the motion, Plaintiffs assert that their "PACER/PCL search privileges have been disabled" due to apparent non-payment. They also assert that they are indigent and

[1] If the Doe defendant is a current or former NYPD employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving NYPD defendants, rather than by personal service at an NYPD facility. If the NYPD Doe defendant is not a current NYPD employee or official, but otherwise works or worked at an NYPD facility, the New York City Law Department must provide a residential address or other address where the individual may be served.

require access to PACER in order to litigate their multiple actions in this Court and in another federal district court. (*Id.*) They further state that this access is needed for them to litigate their cases and that the access, if granted, would not be used for "commercial use, redistribution, bulk downloading, data mining, or unrelated purposes." (*Id*. at 2.)

The Court will address Plaintiffs' application in two parts. First, the Court will address the request for a waiver of fees prospectively, that is, going forward. Second, the Court will address that portion of Plaintiffs' motion concerning their inability to access PACER due to nonpayment of arrears.

First, the Court finds that Plaintiffs, who are proceeding in this action without counsel and IFP, fall within the class of users listed in the fee schedule as being eligible for a fee exemption going forward. Plaintiffs allege that they lack the financial means to afford the ongoing access to court documents that they believe is necessary to properly litigate this case. (*See* ECF No. 11, at 1.)

Plaintiffs have demonstrated that a prospective exemption is necessary in this action to avoid unreasonable burdens and to promote public access to information. Accordingly, going forward, Plaintiffs shall be exempt from the payment of fees for access via PACER to the electronic case files maintained by this court for case number 26-CV-01082 in which they are the plaintiffs.

To the extent that Plaintiffs seek PACER fee waivers for cases other than this one, the Court denies that relief. Plaintiffs shall not be exempt from the payment of fees incurred in connection with other uses of the PACER system in this court. Additionally, the following limitations apply:

1. This fee exemption applies only to Plaintiffs Magdalena Kulisz and Shahar Kenan, and it is valid only for the purposes stated above;

2. This fee exemption applies only to the electronic case files that are available through the PACER system in the action in this Court under 26-CV-1082;

3. By accepting this exemption, Plaintiffs agree not to sell for profit any data obtained as a result of receiving this exemption;

4. Plaintiffs are prohibited from transferring any data obtained as a result of receiving this exemption, including redistribution via internet-based databases; and

5. This exemption may be revoked at the discretion of the Court at any time.

A copy of this order shall be sent to the PACER Service Center.

The Court next addresses Plaintiffs' concern that, even with a prospective fee waiver, they cannot access PACER due to nonpayment of arrears for charges already incurred. The Court understands that the PACER lockout prevents Plaintiffs from accessing the one free download that comes with consenting to electronic service. The Court's understanding is that it has no power to issue a "waiver" of past fees already accrued, or arrears. Instead, Plaintiffs must follow the credit request process as set forth in https://pacer.uscourts.gov/my-account-billing/billing (scroll to "Credit or Refunds"). The Credit Request Form that Plaintiffs must use is found here: https://pacer.uscourts.gov/sites/default/files/files/PACER%20Credit%20Request%20Form.pdf.

Plaintiffs may, but are not required, to submit the Credit Request Form to this Court, via ECF, before it submits its Credit Request Form to PACER. If they do so, the Court will consider endorsing the application, so that the Court's endorsement will be visible to PACER when it evaluates Plaintiff's Credit Request Form.

In conclusion, the Court grants Plaintiffs' motion for a prospective fee waiver. To the extent that Plaintiffs ask this Court to waive their past fees already accrued on PACER, the Court denies the request for the reasons set forth above, without prejudice to Plaintiffs seeking

this Court's endorsement of their Credit Request Form before they submit it to PACER for its consideration.

**C. Service on Defendants H+H and Parson**

Because Plaintiffs have been granted permission to proceed IFP, they are entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiffs are proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiffs should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiffs to effect service on Defendants City of New York, H+H, and Parson through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**D. Request for Waiver of Service from Defendant City of New York**

The Clerk of Court is directed to notify the New York City Police Department and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

**CONCLUSION**

The Clerk of Court is directed to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that Defendant City of New York waive service of summons.

The Clerk of Court is also directed to mail a copy of this order and the complaint to the New York City Law Department, for purposes of responding to the *Valentin* order as to the unidentified H+H defendants, at: 100 Church Street, New York, New York 10007.

The Court grants Plaintiffs' motion for a prospective PACER fee waiver to the extent of prospectively exempting them from the payment of fees for access via PACER to the electronic case files maintained by this court for case number 26-CV-01082 in which they are the plaintiffs. To the extent that Plaintiffs ask this Court to waive their past fees already accrued on PACER, the Court denies the request for the reasons set forth above, without prejudice to Plaintiffs seeking this Court's endorsement of their Credit Request Form before they submit it to PACER. The Clerk of Court is directed to transmit a copy of this order to the PACER Service Center and terminate the motion pending at ECF No. 8.

The Clerk of Court is instructed to issue summonses for Defendants New York City Health + Hospitals Corporation and Elvin Parson, MD, complete the USM-285 form with the

address for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

An "Amended Complaint" form is attached to this order.

The Clerk of Court is directed to mail an information package to Plaintiffs.

The Clerk of Court is directed to terminate Dkt. No. 8.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: September 9, 2026
New York, New York

MARGARET M. GARNETT
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

New York City Health + Hospitals Corporation
Legal Department
50 Water Street, 17th Floor
New York, NY 10004

Elvin Parson, MD
Metropolitan Hospital Center
1901 1st Avenue
New York, NY 10029

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_______________________________________

_______________________________________

Write the full name of each plaintiff.

_____CV_______________

(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes ☐ No

_______________________________________

_______________________________________

_______________________________________

_______________________________________

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

____________________________________________________________

____________________________________________________________

____________________________________________________________

____________________________________________________________

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , ________________________________, is a citizen of the State of
(Plaintiff's name)

______________________________________
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

________________________________________.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, ______________________, is a citizen of the State of
(Defendant's name)

______________________

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

______________________.

If the defendant is a corporation:

The defendant, ______________________, is incorporated under the laws of

the State of ______________________

and has its principal place of business in the State of ______________________

or is incorporated under the laws of (foreign state) ______________________

and has its principal place of business in ______________________.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

______________________
First Name Middle Initial Last Name

______________________
Street Address

______________________
County, City State Zip Code

______________________
Telephone Number Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 2:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 3:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 4: ________________________________________

First Name Last Name

________________________________________

Current Job Title (or other identifying information)

________________________________________

Current Work Address (or other address where defendant may be served)

________________________________________

County, City State Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: ________________________________

Date(s) of occurrence: ________________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

**Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.**

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.