USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/13/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAGDALENA KULISZ and SHAHAR KENAN,

Plaintiffs,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

26-CV-01082 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiffs Magdalena Kulisz and Shahar Kenan commenced this action *pro se*. On June 16, 2026, Plaintiffs filed a document that they style as a "Request for PACER Fee Exemption, Restoration of Search Privileges, and/or Guidance for Indigent Pro Se IFP Litigants." Dkt. No. 8. In the motion, Plaintiffs assert that their "PACER/PCL search privileges have been disabled" due to apparent non-payment. They also assert that they are indigent and require access to PACER in order to litigate their multiple actions in this Court and in another federal district court. *Id*. They further state that this access is needed for them to litigate their cases and that the access, if granted, would not be used for "commercial use, redistribution, bulk downloading, data mining, or unrelated purposes." *Id*. at 2.

This order addresses the motion as it pertains to Plaintiff Kenan, and by separate order, the Court will address the motion as it concerns Plaintiff Kulisz.[1]

[1] The Court previously granted the relief herein at Dkt. No. 14. However, because that Order addressed both Plaintiffs jointly, and because the Administrative Office of the U.S. Courts requires a separate order for each Plaintiff, the Court now issues separate orders for Plaintiff Kulisz and Plaintiff Kenan.

Plaintiff Kenan's application is addressed in two parts. First, the request for a waiver of fees prospectively, that is, going forward. Second, the portion of the motion concerning Plaintiff Kenan's inability to access PACER due to nonpayment of arrears.

First, the Court finds that Plaintiff Kenan, who is proceeding in this action without counsel and IFP, falls within the class of users listed in the fee schedule as being eligible for a fee exemption going forward. Plaintiff Kenan alleges that he lacks the financial means to afford the ongoing access to court documents that he believes is necessary to properly litigate this case. *See* Dkt. No. 11 at 1.

Plaintiff Kenan has demonstrated that a prospective exemption is necessary in this action to avoid unreasonable burdens and to promote public access to information. Accordingly, going forward, Plaintiff Kenan shall be exempt from the payment of fees for access via PACER to the electronic case files maintained by this court for case number 26-CV-01082 in which he is one of the Plaintiffs.

To the extent that Plaintiff Kenan seeks PACER fee waivers for cases other than this one, the Court denies that relief. Plaintiff Kenan shall not be exempt from the payment of fees incurred in connection with other uses of the PACER system in this court. Additionally, the following limitations apply:

1. This fee exemption applies only to Plaintiff Kenan, and it is valid only for the purposes stated above;

2. This fee exemption applies only to the electronic case files that are available through the PACER system in the action in this Court under 26-CV-01082;

3. By accepting this exemption, Plaintiff Kenan agrees not to sell for profit any data obtained as a result of receiving this exemption;

4. Plaintiff Kenan is prohibited from transferring any data obtained as a result of receiving this exemption, including redistribution via internet-based databases; and

5. This exemption may be revoked at the discretion of the Court at any time.

A copy of this order shall be sent to the PACER Service Center.

The Court next addresses Plaintiff Kenan's concern that, even with a prospective fee waiver, he cannot access PACER due to nonpayment of arrears for charges already incurred. The Court understands that the PACER lockout prevents Plaintiff Kenan from accessing the one free download that comes with consenting to electronic service. The Court's understanding is that it has no power to issue a "waiver" of past fees already accrued, or arrears. Instead, Plaintiff Kenan must follow the credit request process as set forth in https://pacer.uscourts.gov/my-account-billing/billing (scroll to "Credit or Refunds"). The Credit Request Form that Plaintiff Kenan must use is found here: https://pacer.uscourts.gov/sites/default/files/files/PACER%20Credit%20Request%20Form.pdf.

Plaintiff Kenan may, but is not required, to submit the Credit Request Form to this Court before he submits the Credit Request Form to PACER. If he does so, the Court will consider endorsing the application, so that the Court's endorsement will be visible to PACER when it evaluates Plaintiff Kenan's Credit Request Form.

## CONCLUSION

Plaintiff Kenan's motion for a prospective PACER fee waiver is GRANTED to the extent of prospectively exempting him from the payment of fees for access via PACER to the electronic case files maintained by this court for case number 26-CV-01082 in which he is a plaintiff. To the extent that Plaintiff Kenan asks this Court to waive his past fees already accrued on PACER, the request is DENIED for the reasons set forth above, without prejudice to Plaintiff Kenan

seeking this Court's endorsement of his Credit Request Form before he submits it to PACER. The Clerk of Court is respectfully directed to transmit a copy of this order to the PACER Service Center.

Under 28 U.S.C. § 1915(a)(3) any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: October 13, 2026
New York, New York

MARGARET M. GARNETT
United States District Judge